UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONJA HILL-WILLIAMS, *et al.*,

Plaintiffs,

Case No. 25-cv-805-pp

v.

CITY OF MILWAUKEE, *et al.*,

Defendants.

**ORDER SETTING RULE 16 SCHEDULING CONFERENCE AND DIRECTING PARTIES TO FILE RULE 26(f) REPORT**

The court **ORDERS** that the parties must appear for a telephonic Rule 16 Scheduling Conference on **July 6, 2026 at 10:00** before Chief Judge Pamela Pepper. The parties are to appear by calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted. The court requires counsel with primary settlement responsibility and authority to appear and be prepared to address any pending motions.

Federal Rule of Civil Procedure 26(f) requires that, as soon as practicable, and in any event at least twenty-one days before a scheduling conference is to be held, the parties must meet to discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement, the timing for the initial disclosures required by Rule26(a)(1), and a proposed discovery plan.

During this meeting the court urges the parties to discuss whether they need a protective order, and if so, to consider jointly requesting the order. The parties must use the proposed order template at the end of the court's local rules (available at https://www.wied.uscourts.gov). If there is some reason the parties cannot use the template order or must deviate from the order, they must inform the court in their motion for protective order.

On or before **June 22, 2026,** the parties must file a joint, written report outlining their discovery plan—including proposed dates where applicable. The plaintiff's counsel is responsible for filing the report, and for providing a copy to opposing counsel. If the parties are not able to agree on the terms of a joint report, they may file separate reports.

In addition to the discovery plan, the report must include the following:

1

1.   A brief statement of the nature of the case, including any disputed facts or points of law;

2.   Whether there are any jurisdictional issues or issues regarding venue or service;

3.   Whether there are any related cases or proceedings in this district or before any other court or administrative body;

4.   Whether the parties are interested in or have discussed alternative dispute resolution;

5.   The nature of the discovery each party contemplates, the amount of time the parties believe they need to complete that discovery and what discovery the parties would need to meaningfully participate in alternative dispute resolution;

6.   The following deadlines:
     • Rule 26(a)(1) disclosures
     • Amendment of pleadings without leave of the court
     • Joinder of parties
     • Expert witness disclosures
     • Close of discovery (fact and expert);

7.   Whether the parties anticipate that they will need a protective order;

8.   The estimated length of trial;

9.   Whether any party is requesting a jury trial;

10.  A statement of any other issues that might impact trial scheduling; and

11.  A statement attesting to the fact that the parties have discussed each of the above issues.

If a party's counsel is not prepared to discuss these issues in a meaningful way at the scheduling conference, the court may adjourn the hearing until that counsel is prepared.

If, prior to the Rule 16 scheduling conference, the plaintiff files an amended complaint that adds defendants, the court may reset the scheduling conference for a later date and, once all defendants have answered the amended complaint, require the parties to file a revised Rule 26(f) report.

2

If the parties are interested in participation in mediation with a magistrate judge before the date of the Rule 16 conference, they should contact the court immediately to make arrangements.

If any party has filed a motion, the court may rule on that motion at the Rule 16 conference.

If, after completing all discovery, a party wishes to file a motion under Federal Rule of Evidence 702, challenging an opponent's expert witness, the party must file that motion *no later than* **thirty (30) days** after the close of all discovery. The briefing schedule specified in Civil Local Rules 7(a)-(d) (E.D. Wis.) will apply. Within thirty (30) days of the date of the court's ruling on any such motion, parties must file either a dispositive motion or a written notice advising the court that the party will not be filing a dispositive motion.

If no party files a motion under Fed. R. Evid. 702, then no later than thirty (30) days after the close of all discovery, parties must file either a dispositive motion or a written notice advising the court that the party will not be filing a dispositive motion.

The court will not set dates for a final pretrial conference or trial until it has ruled on dispositive motions.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

**BY THE COURT**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3